CITY OF TROY *v.* HERSHBERGER

1. ZONING—BUILDING—REMOVAL—INJUNCTION.

An injunction requiring the removal of a building was proper where the building had been constructed without a building permit and where the building was in violation of a municipal zoning ordinance.

2. ZONING—VARIANCE—DENIAL—DUE PROCESS—DISCRIMINATION.

A city's failure to give a variance from its zoning ordinance to permit a business use in a residential zone was not discriminatory where, although there were many other businesses in the same residential zone, their uses were either in operation before the zoning ordinance was passed or the owners had obtained variances, and where, at the time of trial, the landowner seeking to use his residential land for a business purpose had not applied for a building permit nor a variance for a structure erected for the business purpose.

3. JUDGMENT—APPEAL PENDING—RES JUDICATA.

A judgment pending on appeal is generally deemed *res judicata* and only where a second appeal itself prevents a prior

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning §§ 187, 188.
   Constitutional rights of owner as against destruction of building by public authorities.  14 ALR2d 73.
[2] 58 Am Jur, Zoning § 196 *et seq.*
   Zoning: creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded.  117 ALR 1117.
[3] 47 Am Jur 2d, Judgments §§ 459, 460.
   Judgments as res judicata pending appeal or motion for a new trial or during the time allowed therefor.  9 ALR2d 984.
[4] 41 Am Jur, Pleading §§ 340–343.

judgment on appeal from being operative is the prior judgment inoperative.

4. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM—
RES JUDICATA.

    Summary judgment for defendant city which had denied plaintiff a building permit for a business building already partially constructed in a residential zone was proper where in a previous action by the city against the plaintiff the trial court had found that the building was in violation of the zoning ordinance and had ordered it removed (GCR 1963, 117).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 June 10, 1970, at Lansing. (Docket Nos. 6980 and 7865.) Decided October 2, 1970. Leave to appeal denied February 11, 1971. 384 Mich 806.

Complaint by City of Troy against Gerald R. Hershberger and Lillian A. Hershberger for an injunction to enforce a zoning ordinance prohibiting construction of a business building on residential property. Injunction granted. Defendants appeal. Complaint by Gerald R. Hershberger and Lillian A. Hershberger against City of Troy Building Inspector for issuance of a building permit for residential use of business building. Summary judgment for defendant. Plaintiffs appeal. Actions consolidated by the Court of Appeals *sua sponte*. Affirmed as to both judgments.

*Burke & Sawyer,* for appellees.

*Gerald R. Hershberger,* for appellants.

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Appellant[1] Gerald Hershberger is an attorney who has been practicing law out of his home in the City of Troy. He desired to construct a second building on the property (variously referred to as an addition and a new house) in which to carry on his law practice. No building permit was obtained prior to construction and the city issued a stop work order and commenced an action against the appellant seeking injunctive relief to enforce the city's zoning ordinances. As a result of this action, construction of the building was found to be illegal and was also determined a nuisance *per se* for not complying with the city's zoning ordinances. A mandatory injunction was issued requiring construction to be stopped and that the building be torn down within 90 days. The judgment in that case was stayed pending appeal.

Subsequent to appellant's appeal from the mandatory injunction he filed an application for a building permit for residential use of the building. The City of Troy denied this permit, alleging that the issue was *res judicata,* and the trial judge agreed, granting its motion for a summary judgment. Appellant also filed an appeal from that judgment.

In the trial of the cause below the circuit judge found that the subject building was illegally constructed without benefit of a building permit and contrary to the zoning ordinance of the City of Troy; that the zoning ordinance was constitutional and bore a direct relationship to the protection of the health, safety, and welfare of the general public; that the City of Troy did not discriminate against appellant in the enforcement of the zoning ordinance; and that the zoning ordinance is not confiscatory, arbitrary, or unreasonable as applied to the

---

[1] There were two appellants, but throughout this opinion the singular is used to refer to the active appellant, Mr. Hershberger.

appellant's premises. Appellant, *inter alia,* alleges that these findings by the circuit judge were in error and therefore it was improper to declare the building a nuisance *per se* and order its demolition. Appellant's allegations are devoid of merit.

It appears plain from the briefs and records that before the attempted construction of the building in question the appellant's use of his house as a law office was a nonconforming use. In 1965 he apparently attempted to obtain a building permit to expand his office space, such application being denied as an attempted expansion of a nonconforming use. Construction on the building which has been ordered destroyed was begun without a building permit and was clearly a violation of the city's zoning ordinance. With these facts in mind the action brought by the city to have it torn down was reasonable and the trial judge's rulings were proper.

Appellant also alleges in substance that he was discriminated against by the city because he was not given a variance and because no objection has been made to other business uses in the City of Troy. It appears that this allegation also is devoid of merit. The appellant at the time of trial had not applied for a building permit nor a variance for the present structure. (In 1965 he apparently had applied for a building permit and it was denied as an expansion of a nonconforming use.) All the other business owners in the area had applied for and had been granted variances or their businesses were in operation before the city's zoning ordinance was passed. Upon these facts we hold that the appellant was clearly not discriminated against.

After appellant's building was ordered torn down, and pending a decision on appeal from that order, appellant applied for a residential building permit

for the same building. The city refused on the basis that the issue was *res judicata* and on appeal to the circuit court the oral motion of the City of Troy for summary judgment was granted.

Appellant next filed a motion for a peremptory order in this Court which was denied. We then consolidated the cases for hearing and decision.

With regard to the second action brought by appellant, this Court in *Knibbe* v. *City of Warren* (1966), 2 Mich App 241, 244 stated the rule here applicable:

" 'It is a well-settled general principle, that the judgment of a court of competent jurisdiction directly upon the point, is, as *a plea, a bar,* or as *evidence* conclusive, between the same parties, or their privies, upon the same matter directly in question in another court, and that no matter once litigated and determined, by proper authority, shall a second time be brought in controversy between the same parties or their privies. [Citing cases.] Such has ever been the rule, and although the object and the subject matter of the two suits or proceedings be different, yet the judgment of a Court of competent jurisdiction upon a particular *matter, fact* or *point,* once litigated and determined, is conclusive between the parties, or their privies.' " [Emphasis in the original.]

Appellant concedes the validity of the above rule, but asserts that it is not applicable where the prior case has been appealed. The rule in Michigan is that a judgment pending on appeal is deemed *res judicata.* 14 Michigan Law & Practice, Judgment, § 176, p 620. Only in a case where the second appeal itself prevents the prior judgment from being operative is the *res judicata* effect of the prior judgment inoperative. *McHugh* v. *Trinity Bldg. Co.* (1931), 254 Mich 202. The instant case does not come with-

in that narrow exception. Appellants having failed to state a claim upon which relief could be granted in the second case, the motion for summary judgment was properly granted. GCR 1963, 117.2.

For the reasons stated above, the decisions of the court below in both cases are affirmed.

Affirmed.