VanDEVENTER v MICHIGAN NATIONAL BANK

MICHIGAN NATIONAL BANK v VanDEVENTER

Docket Nos. 98798, 103963. Submitted August 2, 1988, at Lansing. Decided October 18, 1988. Leave to appeal applied for.

Michigan National Bank (MNB) extended a $175,000 line of credit to R&R Telecom, Inc. Bradford S. VanDeventer and David R. Layton, R&R Telecom corporate officers, each signed a $100,000 personal guaranty as security for MNB's loans to R&R Telecom. VanDeventer assigned an annuity with a principal amount of $50,000 to MNB as security for his guaranty. R&R Telecom relocated its business operations to Florida and subsequently defaulted on its loan payments to MNB. A Florida court granted MNB a nonfinal judgment of replevin as to all of R&R's assets. When MNB advised VanDeventer that it intended to cash his annuity, VanDeventer brought an action in Ingham Circuit Court against MNB. VanDeventer sought an injunction preventing MNB from cashing his annuity. The trial court, James T. Kallman, J., allowed Layton to intervene in the action and entered a judgment permanently enjoining MNB from cashing the VanDeventer annuity. After MNB obtained a final judgment of $106,655.95 against R&R Telecom from the Florida trial court, MNB brought an action in Ingham Circuit Court seeking to enforce the judgment against VanDeventer, Layton and R&R Telecom. The trial court, James T. Kallman, J., granted summary disposition in favor of defendants, ruling that the action was barred by res judicata and collateral estoppel. MNB appealed in both cases.

The Court of Appeals consolidated the appeals and *held:*

1. VanDeventer was not entitled to injunctive relief. The uniqueness and irreplaceability of the annuity due to changes in the tax laws was not a sufficient basis upon which to award

REFERENCES

Am Jur 2d, Equity §§ 238, 266, 267.

Am Jur 2d, Injunctions §§ 23 *et seq.*

Am Jur 2d, Judgments §§ 394 *et seq.*

Decree granting or refusing injunction as res judicata in action for damages in relation to matter concerning which injunction was asked in first suit. 26 ALR2d 446.

the injunction. Also, the trial court was presented ample evidence of R&R Telecom's debt, the final Florida court judgment against R&R Telecom, and the nature of VanDeventer's personal guaranty.

2. The first action involving the parties, VanDeventer's action for injunctive relief, did not address the issue of VanDeventer and Layton's liability to MNB under their personal guaranties. Thus, MNB's subsequent action involving the enforcement of the Florida court judgment and VanDeventer and Layton's liability therefor under the terms of their personal guaranties was not barred by collateral estoppel.

3. The second action was not barred by the first action under the doctrine of res judicata since different proofs would be required to sustain the claim in each case.

Reversed.

1. EQUITY — APPEAL — FINDINGS OF FACT.

The Court of Appeals reviews equity cases de novo but will not disturb the trial court's findings unless convinced that those findings are clearly erroneous or unless the Court of Appeals would have reached a different result had it been in the trial court's position.

2. INJUNCTIONS — EQUITY.

The grant or denial of an injunction is committed to the sound discretion of the circuit court; injunctive relief is an extraordinary remedy which issues only when justice requires and there is not an adequate remedy at law, and when there is real and imminent danger of irreparable injury.

3. ACTIONS — DEFENSES — COLLATERAL ESTOPPEL.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based on a different cause of action; in order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action, and the parties must have had a full opportunity to litigate the ultimate issues in the first action.

4. ACTIONS — DEFENSES — RES JUDICATA.

The doctrine of res judicata provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, the claim may not be relitigated by either party; there are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the

first action; and (3) the two actions must be between the same parties or their privies; Michigan courts apply the res judicata doctrine broadly so as to bar claims that were actually litigated as well as claims arising out of the same transaction which a plaintiff could have brought, but did not.

5. ACTIONS — DEFENSES — RES JUDICATA.
　　The test for determining whether a second suit is for the same cause of action as an earlier one, for purposes of application of res judicata, is whether the same facts or evidence would sustain both actions.

*Oade & Stroud* (by *Ted W. Stroud*), for Bradford S. VanDeventer.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas* and *David R. Brake*), for David R. Layton.

*Hubbard, Fox, Thomas, White & Bengston, P.C.* (by *Donald B. Lawrence, Jr.,* and *Brian L. Hiesrodt*), for Michigan National Bank.

Before: DANHOF, C.J., and CYNAR and G. R. DENEWETH,* JJ.

PER CURIAM. Bradford S. VanDeventer brought an action against Michigan National Bank (MNB) seeking to enjoin MNB from cashing his annuity. He previously assigned the annuity to MNB as security for a line of credit which MNB extended to R & R Telecom, Inc. (R&R). The lower court granted VanDeventer's request for a preliminary injunction prohibiting MNB from cashing his annuity until his liability to MNB was determined. The court later permanently enjoined MNB from cashing the annuity. MNB appeals as of right.

MNB brought an action to collect damages from R&R, VanDeventer and David R. Layton based on a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

final judgment from a Florida action. MNB alleged that VanDeventer and Layton were obligated to pay debts owed by R&R to MNB in accordance with their personal guaranties. The lower court granted summary disposition in favor of VanDeventer, Layton and R&R on the grounds of res judicata and collateral estoppel. MNB appeals as of right. MNB's appeals were consolidated. MNB claims that the lower court erred by entering the injunctions and by granting summary disposition. We agree and reverse accordingly.

MNB extended R&R a $175,000 line of credit which was evidenced by a business loan agreement, security agreement and promissory note. VanDeventer signed these documents as R&R's president. Layton signed them as its treasurer. In accordance with the business loan agreement, VanDeventer and Layton each signed a $100,000 personal guaranty as security for MNB's loans to R&R. VanDeventer assigned an annuity with a principal amount of $50,000 to MNB as security for his guaranty. Both guaranties guaranteed MNB "full and prompt payment of all sums, moneys, notes, bills, loans or other indebtedness" due or payable to MNB by R&R. Both guaranties further provided:

> The Bank may proceed directly against the undersigned, in case the customer defaults in the payments of any sum due or payable from the customer, without resort to any other person or to the assets of the customer, or other security held by the Bank, but said proceedings against the undersigned shall not in any sense release such other person, assets, or security held by the Bank. The undersigned hereby waives all notices hereunder, demand, presentation, any and all notices of protest, default, or non-payment and consents to any and all extensions or renewals made for or on

account of any loan, note, bills or other indebtedness due from the customer to the Bank without releasing or discharging the undersigned in any way hereunder.

R&R relocated its business operations to Florida and apparently defaulted on its loan payments to MNB. MNB filed suit against R&R in Florida and obtained a judgment of replevin as to all of R&R's assets. The judgment was not a final judgment. MNB advised VanDeventer that it intended to cash his annuity. VanDeventer filed a complaint in which he contested his liability to MNB and sought to enjoin MNB from cashing his annuity unless and until his liability to MNB was fixed and settled by a final judgment. The lower court entered a temporary restraining order preventing MNB from cashing the annuity. The lower court granted Layton's motion to intervene.

At a show cause hearing, VanDeventer presented expert testimony that his annuity could not be replaced because of changes in the tax laws and that there would be no way to calculate money damages if MNB improperly cashed the annuity. The lower court issued an opinion and order which granted VanDeventer's request for a preliminary injunction preventing MNB from cashing his annuity until his liability to MNB was determined. The court reasoned that the annuity was unique and that it was impossible to calculate the potential damage to VanDeventer if the annuity were improperly cashed.

At proceedings held on October 17 and 18, 1985, MNB and VanDeventer presented conflicting testimony about whether VanDeventer's damages could be calculated if MNB improperly cashed his annuity. MNB also argued and presented evidence that VanDeventer was not entitled to injunctive

relief because R&R owed MNB $64,344.96 plus interest and costs. The lower court refused to consider the liability issue.

On December 3, 1985, the lower court issued an opinion and order stating that the preliminary injunction should continue because VanDeventer's annuity was unique and he would be irreparably harmed if it were cashed. On November 26, 1986, VanDeventer moved for entry of final judgment. MNB filed a response which objected to the entry of final judgment on several grounds and informed the court that a judgment had been entered against R&R in Florida. On December 23, 1986, MNB obtained a final judgment of $106,655.95 against R&R in Florida.

On January 7, 1987, the lower court entered a judgment permanently enjoining MNB from cashing VanDeventer's annuity. MNB moved to set aside the judgment and for reconsideration. The lower court denied these motions.

On May 12, 1987, MNB filed a complaint against VanDeventer, Layton and R&R seeking to recover damages based on the $106,655.95 Florida judgment and VanDeventer and Layton's personal guaranties. The lower court issued an opinion and order granting VanDeventer, Layton and R&R's motion for summary disposition on the bases of res judicata and collateral estoppel. The court found that MNB failed to properly plead and prove its claims in the first action.

We first consider whether the lower court erred by granting injunctive relief.

We review equity cases de novo, but will not reverse a trial court's decision unless that court's findings are clearly erroneous or we are convinced that we would have reached a different result if we had occupied the trial court's position. *Vergote v K mart Corp (After Remand),* 158 Mich App 96,

103; 404 NW2d 711 (1987); *Calvary Presbyterian Church v Presbytery of Lake Huron of the United Presbyterian Church in the United States of America,* 148 Mich App 105, 109-110; 384 NW2d 92 (1986), lv den 425 Mich 863 (1986). The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Bratton v DAIIE,* 120 Mich App 73, 79; 327 NW2d 396 (1982). Injunctive relief is an extraordinary remedy which issues only when justice requires, there is no adequate remedy at law and there is real and imminent danger of irreparable injury. *Dafter Twp v Reid,* 159 Mich App 149, 163; 406 NW2d 255 (1987), lv den 429 Mich 880 (1987); *Wexford Co Prosecutor v Pranger,* 83 Mich App 197, 205; 268 NW2d 344 (1978).

VanDeventer voluntarily assigned the annuity to MNB as security for loans which MNB made to R&R. R&R defaulted on those loans. VanDeventer then tried to avoid his obligation by claiming that the annuity was unique and irreplaceable. VanDeventer knew or should have known that the annuity was irreplaceable when he assigned it to MNB. Further, MNB offered to defer cashing the annuity if VanDeventer pledged a promissory note as additional collateral and assigned the note's monthly payments to MNB to reduce R&R's indebtedness. The lower court erred by focusing only on the irreplaceable nature of VanDeventer's annuity. VanDeventer was not entitled to injunctive relief.

VanDeventer's complaint requested that MNB be enjoined from cashing his annuity unless and until his liability to MNB was fixed and settled by a court of competent jurisdiction. At the October 17 and 18, 1985, proceedings, MNB presented evidence that R&R owed it $64,344.96 plus interest and costs. On December 23, 1986, MNB obtained a final judgment of $106,655.95 against R&R in Florida. In

its response to VanDeventer's motion for entry of final judgment, MNB informed the lower court that a judgment had been entered against R&R in Florida. The lower court erred by permanently enjoining MNB from cashing VanDeventer's annuity.

We turn to the issue of whether the lower court erred in granting summary disposition in favor of VanDeventer, Layton and R&R on the grounds of res judicata and collateral estoppel.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based on a different cause of action. In order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action, and the parties must have had a full opportunity to litigate the ultimate issues in the first action. *Knoblauch v Kenyon,* 163 Mich App 712, 716; 415 NW2d 286 (1987). Collateral estoppel conclusively bars only issues "actually litigated" in the first action. A question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined. *Cogan v Cogan,* 149 Mich App 375, 379; 385 NW2d 793 (1986).

The first action concerned VanDeventer's request for injunctive relief. The second action concerned VanDeventer and Layton's liability to MNB. The lower court did not decide this issue in the first action. Therefore, collateral estoppel does not apply.

The res judicata doctrine provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, the claim may not be relitigated by either party. *DeCare v American Fidelity Fire Ins Co,* 139 Mich App 69, 77; 360 NW2d 872 (1984), lv den 422 Mich 933 (1985).

There are three prerequisites to the application of the res judicata doctrine: (1) there must have been a prior decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been presented in the first action; and (3) both actions must be between the same parties or their privies. *Sloan v Madison Heights,* 425 Mich 288, 295; 389 NW2d 418 (1986); *DeCare, supra,* p 77.

Michigan courts apply the res judicata doctrine broadly so as to bar claims that were actually litigated as well as claims arising out of the same transaction which a plaintiff could have brought, but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980); *Michigan Oil Co v Dep't of Natural Resources,* 148 Mich App 745, 753; 384 NW2d 777 (1985).

> "In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other." [*York v Wayne Co Sheriff,* 157 Mich App 417, 423; 403 NW2d 152 (1987), lv den 428 Mich 907 (1987), quoting *Detroit v Nortown Theatre, Inc,* 116 Mich App 386, 393; 323 NW2d 411 (1982), lv den 418 Mich 875 (1983).]

Different proofs would be required to sustain MNB's action to collect damages than would have

been required to properly sustain VanDeventer's action for injunctive relief. Although MNB attempted to assert VanDeventer's liability to it as a defense in the first action, the lower court refused to consider this issue. The lower court ultimately granted relief beyond that which VanDeventer requested by permanently enjoining MNB from cashing his annuity regardless of his liability to MNB.

The lower court erred by enjoining MNB from cashing VanDeventer's annuity. Neither collateral estoppel nor res judicata bars the maintenance of MNB's action to collect damages based on the Florida judgment and VanDeventer and Layton's personal guaranties.

Reversed.