John CHAKAN, Plaintiff,

v.

The CITY OF DETROIT (DETROIT FIRE DEPARTMENT), Defendant.

Civil Action No. 96–40013–NO.

United States District Court, E.D. Michigan, Southern Division.

March 16, 1998.

Steven Fellows, Southfield, MI, for Plaintiff.

John P. Timmony, City of Detroit Law Dept., Detroit, MI, for Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Presently before this court is a motion by the defendant, The City of Detroit, Detroit Fire Department, to dismiss this action on the grounds of *res judicata* and *collateral*

*estoppel.* For the following reasons, the motion will be granted.[1]

## Factual Background

Plaintiff, John Chakan, began a career with The City of Detroit Fire Department in 1960. He was confirmed as a firefighter in 1961. In 1979, after spending seventeen years in the capacity of firefighter, plaintiff was promoted to Sergeant. In 1984, plaintiff was promoted to Lieutenant and in 1989, he was promoted to Captain. In 1993, plaintiff accepted the position of Battalion Chief. Plaintiff hoped some day to obtain the position of Chief of Operations of the Firefighting Division of the Fire Department ("Chief").

The position of Chief became vacant as a result of the retirement of Curtis Edmonds, an African American, on January 4, 1994.[2] Plaintiff, who is white, applied for the position. At the time Edmonds announced his retirement, all persons eligible for the position were white.[3]

Archie Warde, an African American, who was not at that time eligible for the position, was asked by the Commissioner of the Fire Department to submit a resume for the same.[4] Eventually, after Warde became eligible for the position, Watkins appointed him Chief.

At the time Watkins appointed Warde Chief, he had known both Warde and plaintiff for at least thirty years. Watkins testified that he selected Warde over plaintiff because he thought he was more qualified. Specifically, Watkins believed Warde "could better command in the field." Also, Watkins considered plaintiff less qualified than Warde because plaintiff had spent significant time acting as a union officer instead of actively firefighting.

On or about January 8, 1996, approximately two years after Warde was appointed Chief, plaintiff filed the instant action alleging that he was denied the position of Chief due to his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and under Michigan's Elliott–Larsen Civil Rights Act, MCLA 37.2101, *et seq.* Plaintiff also alleged in his complaint that he was retaliated against for filing civil rights charges in January, 1996, when the position of Chief became available again and he was denied the position.

On March 18, 1996, this court *sua sponte* dismissed the state law Elliott–Larsen Civil Rights Act claims without prejudice. Thereafter, plaintiff re-filed these against defendant in Wayne County Circuit Court for the State of Michigan.

On October 15, 1997, the defendant filed a motion for summary disposition with the state court on plaintiff's Elliott–Larsen Civil Rights Act claims pursuant to Michigan Court Rule 2.116(C)(10), the Michigan counterpart to Federal Rule of Civil Procedure 56(c). The motion was granted by the Honorable Marianne O. Battani on December 9, 1997, and plaintiff's case in state court was dismissed with prejudice.

On January 20, 1998, after plaintiff's case in state court was dismissed, defendant filed a motion for summary judgment in the instant case. Defendant contends that *res judicata* and collateral estoppel bar this action.

1. Pursuant to Local Rule 7.1(e)(2), this court has decided to dispense with oral argument and decide the matter based upon the parties' written submissions.

2. Historically, a new Chief has been appointed by the Commissioner of the Fire Department on the same day or shortly after the position becomes available. During the relevant time period, however, there was no statute, ordinance or collective bargaining agreement which required that this be done.

3. Pursuant to Chapter 8, Section 7–802 of the City Charter, the Commissioner of the Fire Department is to appoint the Chief from the "Board of Fire Chiefs of the Fire Fighting Division." "Fire Chiefs" constitute the rank of "Battalion Chief" in the Fire Department and at the time of Edmonds' retirement, all the Battalion Chiefs in the Fire Department were white.

4. Archie Warde held the rank of Captain at the time Watkins asked him to apply for the position of Chief, yet as stated *supra* at note 3, only those persons holding the rank of Battalion Chief were eligible for the position of Chief and thus Warde was not eligible.

782

## Analysis

### Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir. 1994) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "The mere existence of some alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. In deciding a motion for summary judgment, the court must consider all evidence together with all inferences to be drawn therefrom "in light most favorable to the party opposing the motion." *Watkins v. Northwestern Ohio Tractor Pullers Ass'n, Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980).

If the movant meets the standard specified at Rule 56(c), then the opposing party must come forth with "specific facts showing that there is a genuine issue for trial." *First National Bank v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Fed.R.Civ.P. 56(e). The non-moving party "is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir.1993), *cert. denied*, 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993); *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). And, "if the adverse party does not respond, summary judgment, if appropriate shall be entered against the adverse party." Fed.R.Civ.P. 56(e); *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *O'Hara v. Wigginton*, 24 F.3d 823, 826–27 (6th Cir.1994).

### Full Faith and Credit Act

The Full Faith and Credit Act provides in pertinent part that state court "judicial proceedings shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. Under the Act, a decision by a court of the State of Michigan has the same preclusive effect in this court as that decision would have in a Michigan court. *Migra v. Warren City School Dist. Bd. of Educ.* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *In Re Air Crash at Detroit Metropolitan Airport*, 776 F.Supp. 316, 320 (E.D.Mich.1991).

■ The federal courts employ a variety of doctrines to recognize the validity of prior state judgments, including *res judicata* and collateral estoppel. The doctrine of *res judicata* (a.k.a. "claim preclusion") provides that "where two parties have fully litigated a particular claim and a final judgment has resulted, the claim may not be relitigated by either party." *VanDeventer v. Michigan National Bank*, 172 Mich.App. 456, 463, 432 N.W.2d 338 (1988), *lv. app, denied*, 432 Mich. 907 (1989). Under Michigan law, for *res judicata* to apply: (1) there must have been a prior decision on the merits; (2) both actions must be between the same parties or their privies; and (3) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been presented in the first action. *Id.* at 464. The doctrine of collateral estoppel (a.k.a. "issue preclusion")

precludes the relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was 1) actually litigated and 2) necessarily determined.

*People v. Gates*, 434 Mich. 146, 154, 452 N.W.2d 627, *cert. denied*, 497 U.S. 1004, 110

S.Ct. 3238, 111 L.Ed.2d 749 (1990). *See also Nummer v. Treasury Dep't.*, 448 Mich. 534, 541, 533 N.W.2d 250 (1995). In order for collateral estoppel to apply, Michigan law requires that the following elements be satisfied: (1) the precise issue raised in the present case was raised and actually litigated in the prior action; (2) determination of that issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Jones v. City of Saline*, 1995 WL 871206 at *1–2 (E.D.Mich.1995).

### Defendant Is Entitled to Summary Judgment

■ Defendant insists that *res judicata* precludes plaintiff from pursuing his claims in this case. This court finds that *res judicata* precludes plaintiff from litigating his case in this court.[5] First, the Wayne County Circuit Court issued summary disposition to the defendant on plaintiff's state law Elliott–Larsen Civil Rights Act claims. Under Michigan law, summary disposition is a final decision on the merits. *See e.g., Carter v. SEMTA*, 135 Mich.App. 261, 265, 351 N.W.2d 920 (1984), *lv. app. denied*, 422 Mich. 881, 367 N.W.2d 325 (1985) and cases cited therein. Second, the parties to the state and federal actions are identical. John Chakan is the plaintiff in both actions and The City of Detroit is the defendant in both actions. Third and finally, the issues resolved in the state court action were the same as those involved in the case at bar. In determining whether the second action is for the same cause of action as the first, Michigan courts generally consider whether the same facts or the same evidence are essential to both actions. *VanDeventer*, 172 Mich.App. at 463, 432 N.W.2d 338. Here, the factual basis for plaintiff's Title VII claim is the same as the factual basis for his Elliott–Larsen Civil Rights claim.[6]

■ Assuming arguendo that *res judicata* does not preclude plaintiff's instant suit, collateral estoppel surely does. Indeed, plaintiff concedes that collateral estoppel principles are applicable here. In regard to the first requirement of collateral estoppel, the issues raised in this case are precisely those actually litigated in the state case to a final decision on the merits. Second, the legal issues and standards involved in both this case and the state case show that all the issues involved in this case were therefore conclusively and finally determined when the state court dismissed plaintiff's state law claims. Third, the prior proceeding ripened into a final judgment when the state court held that plaintiff failed to present a triable issue of fact in his claims.

■ Plaintiff also points out that he is appealing the state court judgment. Plaintiff insists that since the state court judgment is currently on appeal, this court should not give preclusive effect to the same. Yet, there is no authority for this position. Michigan and federal courts agree that an appeal of a judgment does not alter the preclusive effect of the same. *See e.g., City of Troy Building Inspector v. Hershberger*, 27 Mich. App. 123, 127, 183 N.W.2d 430 (1970) ("The rule in Michigan is that a judgment pending on appeal is deemed *[r]es [j]udicata.*").

Plaintiff also insists that justice requires this court to stay the proceedings pending a final judgment by the Michigan Court of Appeals. This court does not find it in the best interest of justice to stay these proceedings. This court will, however, dismiss this case subject to being reinstated should the Michigan Court of Appeals reverse the previous entry of summary disposition for defendant.

---

5. At page 15 of his response brief, plaintiff states that he "does not believe that *res judicata* applies in the case at bar ... but is unable to submit any authority to this Honorable Court." Presumably, defendant did not submit any authority because there is no authority.

6. Also, similar legal principles apply in both cases. In interpreting the Elliott–Larsen Civil Rights Act, Michigan courts seek guidance from case law interpreting Title VII. *Radtke v. Everett*, 442 Mich. 368, 381–381, 501 N.W.2d 155 (1993).

784

## ORDER

IT IS HEREBY **ORDERED** that defendant's motion for summary judgment is **GRANTED**.

It is further **ORDERED** that plaintiff's complaint is **DISMISSED** subject to being re-instated should the Michigan Court of Appeals reverse the December 9, 1997 decision of the Wayne County Circuit Court granting summary disposition to the defendant.

IT IS **FURTHER ORDERED** that defendant's request for costs and attorneys' fees is **DENIED**.

**SO ORDERED.**

## JUDGMENT

This action came before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly reviewed and a decision having been duly rendered.

**IT IS ORDERED AND ADJUDGED** that judgment be entered for the defendant, that plaintiff take nothing and that the action be dismissed subject to being reinstated on motion by the plaintiff if the Michigan Court of Appeals reverses the prior entry of summary disposition for the defendant by the Honorable Marianne O. Battani of the Wayne County Circuit Court for the State of Michigan in the case of *Chakan v. The City of Detroit,* 96–621077.

It is further **ORDERED** that the clerk serve a copy of the judgment by United States mail on the counsel for plaintiff and on counsel for defendant.