## IGNOTOV v REITER

Docket No. 66565. Submitted October 12, 1983, at Lansing.—Decided November 8, 1983. Leave to appeal applied for.

Plaintiff, Daniel T. Ignotov, retained defendant, Samuel S. Reiter, to represent him in an action brought against him by his former wife which resulted in a termination of his parental rights. His ex-wife had remarried and wanted to allow her present husband to adopt plaintiff's child. Plaintiff brought an action against defendant for legal malpractice in the Shiawassee Circuit Court. At trial, the testimony established that defendant was retained by plaintiff, who lived in Ohio, through a telephone contact. The original hearing date on the termination petition was adjourned several times and, in late February, defendant contacted plaintiff regarding a settlement proposed by defendant's ex-wife. Plaintiff rejected the proposed settlement and shortly thereafter received a letter from defendant stating in part: "I believe that the conclusion of our conversation was that you did not wish to make any such offer and that under the circumstances you would not contest the Adoption Petition." Defendant testified at trial that plaintiff rejected the settlement and refused to offer any counterproposal which would include a provision for child support. Plaintiff admits that he was in arrears in his child support payments and had not seen his daughter in more than two years. Plaintiff denied informing defendant that he would not contest the adoption proceedings. Defendant did not appear at the April 19, 1977, termination hearing and did not inform plaintiff of the hearing date. The court, Harry P. Newblatt, J., granted a judgment for plaintiff and denied defendant's motion for judgment notwithstanding the verdict or a new trial. Defendant appealed. *Held:*

A plaintiff in a legal malpractice action has the burden of proving: (1) the existence of the attorney-client relationship, (2) the acts which are alleged to have constituted the negligence, (3) that the negligence was the proximate cause of the injury,

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Attorneys at Law § 197 *et seq.*

Attorney's liability for negligence in cases involving domestic relations. 78 ALR3d 255.

and (4) the fact and extent of the injury alleged. Plaintiff failed to establish that the proximate cause of his injury was defendant's failure to appear at the termination hearing. Plaintiff presented no evidence to show that he would have appeared at the hearing willing to work out an alternative settlement to prevent the termination of his parental rights.

Reversed.

ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

A plaintiff in a legal malpractice action has the burden of proving: (1) the existence of the attorney-client relationship, (2) the acts which are alleged to have constituted the negligence, (3) that the negligence was the proximate cause of the injury, and (4) the fact and extent of the injury alleged.

*Stuart J. Dunning, III,* for plaintiff.

*Douglas I. Buck,* for defendant.

Before: DANHOF, C.J., and BRONSON and W. R. PETERSON,* JJ.

PER CURIAM. Defendant was retained by plaintiff to represent him in a parental rights termination proceeding brought by plaintiff's ex-wife, Janice Everest, who sought termination of plaintiff's parental rights to enable her current husband to adopt plaintiff's natural daughter. Plaintiff's parental rights were terminated at a hearing on April 19, 1977, and plaintiff thereafter filed the instant legal malpractice action. After a bench trial, judgment was entered on behalf of plaintiff. Plaintiff's damages were found to be $25,000 and he was found to be 25% negligent. A judgment against defendant for 75% negligence in the amount of $18,750 plus $134 costs was entered by the trial court. Defendant's motion for new trial or judgment notwithstanding the verdict was denied. Defendant presently appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, the testimony established that defendant was retained by plaintiff, who lived in Ohio, through a telephone contact. The original hearing date on the termination petition was adjourned several times and, in late February, defendant contacted plaintiff regarding a settlement proposed by Ms. Everest's attorney. Plaintiff rejected the proposed settlement and shortly thereafter received a letter from defendant stating in part:

"I believe that the conclusion of our conversation was that you did not wish to make any such offer and that under the circumstances you would not contest the Adoption Petition."

Defendant testified at trial that plaintiff rejected the settlement and refused to offer any counterproposal which would include a provision for child support. Plaintiff admits that he was in arrears in his child support payments and had not seen his daughter in more than two years. Plaintiff denied informing defendant that he would not contest the adoption proceedings. Defendant did not appear at the April 19, 1977, termination hearing and did not inform plaintiff of the hearing date.

In an action for legal malpractice, the plaintiff has the burden of proving:

"(1) the existence of the attorney-client relationship; (2) the acts which are alleged to have constituted the negligence; (3) that the negligence was the proximate cause of the injury and; (4) the fact and extent of the injury alleged." *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1981), *lv den* 413 Mich 913 (1982).

This Court recognized in *Grant* that the element of proximate cause is often problematic:

" 'The recovery sought is usually the value of the claim in suit in the proceeding in which the negligent act occurred, if the client was a plaintiff in that action, or, if he was a defendant, the amount of the judgment imposed upon him, and, in accordance with general rules as to proximate cause, it is generally held that before such recovery can be had the client must establish that, absent the act or omission complained of, the claim lost would have been recovered or the judgment suffered avoided. Accordingly, the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a single proceeding.' 45 ALR2d 5, § 2, p 10.

\* \* \*

"From the authorities cited above, it would appear that the 'suit within a suit' concept has vitality only in a limited number of situations, such as where an attorney's negligence prevents the client from bringing a cause of action (such as where he allows the statute of limitations to run), where the attorney's failure to appear causes judgment to be entered against his client or where the attorney's negligence prevents an appeal from being perfected. In such cases, it is at least arguably true that the suit within a suit requirement serves to insure that the damages complained of due to the attorney's negligence are more than mere speculation." (Footnote omitted.) *Grant, supra,* pp 691, 693.

Plaintiff here failed to establish that the proximate cause of his injury was defendant's failure to appear at the termination hearing. Plaintiff presented no evidence to show that he would have appeared at the hearing willing to work out an alternative settlement to prevent the termination of his parental rights. Although the trial judge concluded that plaintiff might have finally realized that defendant's advice "was correct and that if he wanted to cease halt *[sic]* the termination of his parental rights he must recognize the legal fact that he had an obligation to pay back and future

support", there was no evidence in the record to support this contention.

Since we agree with defendant's first allegation of error, we do not address the two remaining issues raised by defendant.

Reversed. Costs to defendant.