SCHLUMM v TERRENCE J O'HAGAN, PC

Docket No. 89587. Submitted March 5, 1987, at Lansing. Decided December 5, 1988. Leave to appeal applied for.

    Steven Schlumm and his parents, Ruby and Leo Schlumm, brought a legal malpractice action in the Washtenaw Circuit Court against Terrence J. O'Hagan, P.C., and Terrence J. O'Hagan. Plaintiffs had retained defendant as counsel for Steven Schlumm who, along with David LaFear, had been arrested and charged with first-degree criminal sexual conduct. A retainer of $2,500 was paid to defendant and it was agreed that defendant's total fee would not exceed $6,500. Following a preliminary examination, at which Steven Schlumm and his codefendant were bound over for trial as charged, defendant requested and received an additional $5,000 from the Schlumms. On the day set for trial, LaFear pled guilty and Steven Schlumm, relying on the advice of defendant that the sentence would not exceed 1½ to 3 years of imprisonment, also pled guilty. Steven Schlumm was subsequently sentenced to a prison term of ten to twenty years. The Court of Appeals, in an unpublished opinion per curiam, decided May 14, 1982 (Docket No. 58631), affirmed the conviction and sentence, rejecting a claim of ineffective assistance of counsel. In their complaint against defendant, plaintiffs alleged and demanded damages for negligence, breach of contract, fraud and misrepresentation. Defendant moved for accelerated judgment, contending that plaintiffs' action was barred by collateral estoppel. Defendant also moved for summary judgment, contending that plaintiffs had failed to state a cause of action because any injuries they allegedly suffered were proximately caused by Steven Schlumm's guilt, and not by defendant's representation of Steven Schlumm in the criminal proceedings. The trial court, Kenneth B. Glaser, J., denied both motions, ruling in part that plaintiffs must prove Steven Schlumm's innocence in order for

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197 et seq.

Am Jur 2d, Judgments §§ 394 et seq., 415 et seq.

Attorney's liability for malpractice in connection with defense of a criminal case. 53 ALR3d 731.

him to recover damages. Defendant sought and was denied leave to appeal in the Court of Appeals. However, the Supreme Court, in lieu of granting leave to appeal, remanded for consideration as on leave granted. 424 Mich 858 (1985). Plaintiffs cross-appealed from the trial court's ruling requiring them to prove Steven Schlumm's innocence as a condition precedent to recovery of damages by Steven Schlumm.

The Court of Appeals *held:*

1. Where, as here, a full and fair determination has been made in the previous criminal action that the client received effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar. Accordingly, with respect to Steven Schlumm's allegations of malpractice through the plea-taking stage of the criminal proceedings, the trial court erred in denying defendant's motion for accelerated judgment. The issue of defendant's representation of Steven Schlumm at the postplea, presentencing stage of the criminal proceedings, however, was not addressed in the criminal appeal. Denial of accelerated judgment as to the malpractice claims related to this stage of the criminal proceedings was proper.

2. Plaintiffs' claims for breach of contract, breach of fiduciary duty and fraudulent misrepresentation were not issues raised in the criminal appeal. The trial court did not err in ruling that these claims were not barred by collateral estoppel.

3. Plaintiffs Ruby and Leo Schlumm, not having been parties to the criminal proceedings against their son, may properly maintain a malpractice action. The trial court did not err in ruling that these plaintiffs' claims of malpractice were not barred by collateral estoppel.

4. A plaintiff in a legal malpractice action need not show that he would have prevailed completely in the former action as a condition precedent to recovery where the allegation is that the verdict against him was greater than what would have been returned in the absence of the defendant's negligence. Thus, the trial court in this case erred in ruling that Steven Schlumm must prove his innocence in order to recover for the alleged malpractice. A plaintiff in a legal malpractice action, however, must prove that the negligence complained of was the proximate cause of his injury. Here, where plaintiffs have not established that Steven Schlumm would have received a better result or a lesser prison sentence had defendant acted differently, it cannot be concluded that the alleged negligence by defendant was the proximate cause of Steven Schlumm's inju-

ries. Thus, with respect to Steven Schlumm's malpractice claim against defendant, summary judgment in favor of defendant should have been granted on the ground that he had failed to state a claim upon which relief can be granted.

5. With respect to Ruby and Leo Schlumm, any claim they raised as a result of their son's incarceration should have been summarily disposed of in favor of defendant, since it was Steven Schlumm's plea of guilty, and not defendant's alleged negligence, that was the proximate cause of their injuries.

6. Since the claims of breach of contract and fraudulent misrepresentation allege injuries other than Steven Schlumm's incarceration, summary judgment in favor of defendant on these claims was properly denied by the trial court.

Affirmed in part and reversed in part.

HOLBROOK, JR., J., concurred in the result only.

1. ESTOPPEL — COLLATERAL ESTOPPEL.

Collateral estoppel bars the relitigation of issues previously decided where such issues are raised in a subsequent suit by the same parties based upon a different cause of action.

2. ESTOPPEL — COLLATERAL ESTOPPEL.

Collateral estoppel applies only where the same ultimate issues underlying the present action were involved in a previous action between substantially the same parties and the parties had a full opportunity to litigate the ultimate issues in the former action.

3. ESTOPPEL — COLLATERAL ESTOPPEL — MUTUALITY OF ESTOPPEL.

Collateral estoppel will not apply unless the estoppel is mutual.

4. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — COLLATERAL ESTOPPEL.

Where a full and fair determination has been made in a previous criminal action that the client received effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar.

5. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

A plaintiff in a legal malpractice action has the burden of proving (1) the existence of the attorney-client relationship, (2) the acts which are alleged to have constituted negligence, (3) that the negligence was the proximate cause of the injury, and (4) the fact and extent of the injury alleged.

6. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

A plaintiff in a legal malpractice action need not show that he

would have prevailed completely in the former action as a condition precedent to recovery where the allegation is that the verdict against him was greater than what would have been returned in the absence of the defendant's negligence.

7. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

A legal malpractice action brought by a plaintiff against his former criminal defense attorney may properly be dismissed for failure to state a claim where plaintiff's claim was devoid of any averment that, apart from the attorney's negligence, plaintiff would have obtained a more favorable result in the criminal proceedings against him.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *John L. Coté* and *Curtis R. Hadley*), for plaintiffs.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher* (by *Michelle A. Thomas*), for defendants.

Before: HOOD, P.J., and HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. Steven, Ruby and Leo Schlumm sued Terrence J. O'Hagan, P.C., and Terrence J. O'Hagan (hereafter referred to in the singular as defendant) alleging professional malpractice in defendant's representation of Steven Schlumm (hereafter referred to as plaintiff) in a prior criminal action. The court denied defendant's motion for accelerated judgment and summary judgment. Defendant has been granted leave to appeal on remand from the Supreme Court. 424 Mich 858 (1985). Plaintiffs respond by bringing a cross-appeal.

On May 9, 1980, plaintiff and David LaFear were arrested and charged with first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On May 12, 1980, Ruby Schlumm contacted defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant to discuss retaining him as defense counsel. After defendant visited plaintiff at the Washtenaw County Jail, the parties agreed that defendant would represent plaintiff. A retainer of $2,500 was paid on May 13, 1980, with the mutual understanding that additional money would be paid to defendant at a later date for further services. Defendant told the Schlumms that the total fee for his services would not exceed $6,500 unless a mistrial occurred. Defendant also allegedly made representations that, since plaintiff and LaFear would be tried together, he and LaFear's attorney would work together in preparing the case.

The preliminary examination took place on May 21, 1980. At its conclusion, the magistrate bound plaintiff and LaFear over for trial.

A pretrial conference was held on August 8, 1980. Subsequent to the pretrial conference, defendant told plaintiff that he would need an additional $5,000 by the end of the week or he would be forced to drop plaintiff's defense. On August 15, 1980, Ruby Schlumm and plaintiff paid $5,000 to defendant.

At no time prior to the date of trial did defendant recommend the possibility of a plea agreement. It was defendant's professional opinion that a successful defense could be mounted at trial or that any sentence resulting from a conviction would be mitigated by the planned defense of consent. Consequently, plaintiff appeared in court on October 20, 1980, prepared to go to trial.

However, LaFear decided to plead guilty. Defendant told plaintiff that his whole defense had been based upon plaintiff and LaFear being tried together. Defendant advised plaintiff to plead guilty, allegedly telling plaintiff that if he pled, the sentence recommendation would be "kept" at 1½ to 3 years. Defendant allegedly told plaintiff that, if he

did not plead guilty and went to trial alone, he would receive a twenty-year sentence. In response to plaintiff's suggestion about an adjournment, defendant told plaintiff that the judge would not grant such a request. Plaintiff agreed to plead guilty.

Plaintiff pled guilty on October 20, 1980. The trial court indicated that it would follow the probation department's recommendation in the presentence report, although it reserved the right to set aside the agreement if it could not follow the probation department's recommendations. In this event, the court would let plaintiff and codefendant LaFear withdraw their pleas and go to trial. On November 22, 1980, the trial court sentenced plaintiff to ten to twenty years in prison, following the recommendation in the presentence report.

Subsequent to his sentencing, plaintiff retained new counsel and moved to have his guilty plea set aside and his sentence vacated. The circuit court denied the motions. The court found that plaintiff had pled guilty because his codefendant had decided to plead guilty and was going to testify against him. The court found that it was in plaintiff's best interest to accept the sentencing agreement and plead guilty, due to the "benign" sentence that he received. In regard to defendant's assumption that plaintiff would only receive 1½ to 3 years, the court assumed that plaintiff had not told defendant all the facts of the case. The court noted that plaintiff knew the legal range of sentences for the charge. Finally, the court stated that plaintiff had presented no evidence that he had been coerced into pleading guilty or that he had been promised anything in exchange for pleading guilty.

On appeal, in an unpublished opinion per curiam, decided May 14, 1982 (Docket No. 58631),

this Court affirmed plaintiff's sentence. Noting that plaintiff received precisely the sentence that was recommended in the presentence report, this Court emphasized that, absent the sentencing agreement, plaintiff could have received a life sentence. Further, by pleading guilty, plaintiff avoided having the sentencing judge see and hear the victim and the examining physician testify about the severity of the crime. In the same appeal, plaintiff also argued that he was deprived of effective assistance of counsel because defendant misled him by stating that if he pled guilty, his sentence would be 1½ to 3 years. This Court rejected this claim, finding that the complained-of errors did not support a claim of ineffective assistance of counsel.

On February 4, 1983, the Michigan Supreme Court denied plaintiff leave to appeal. 417 Mich 883.

Plaintiff filed a four-count complaint of malpractice against defendant on May 17, 1982. Plaintiff later amended his complaint by adding allegations to Count I concerning defendant's negligence in representation, including defendant's negligence in representing plaintiff during the postplea, presentencing phase.

Count II of the complaint alleged that defendant was negligent in his representation of plaintiff. Plaintiff alleged that defendant breached duties he owed to plaintiff, and as a result plaintiff suffered damages. Count II further alleged that plaintiffs Ruby and Leo Schlumm also suffered damages.

Count III of the complaint alleged a breach of contract by defendant. The complaint alleged that defendant represented to plaintiffs that the trial preparation was included in his services and that he was ready and prepared for trial. The complaint further alleged that defendant breached his

contract with plaintiffs by forcing plaintiffs to make a payment in excess of the previously agreed maximum contract amount. Because of defendant's breach of contract, the three plaintiffs allegedly were forced to spend money on services not rendered and suffered monetary losses.

Count IV of the complaint alleged fraud and misrepresentation. The complaint alleged that defendant misrepresented to plaintiffs his progress on the case and his ability to go to trial. The complaint further alleged that plaintiffs were induced to enter into a contract with defendant based on his fraudulent misrepresentation of what he could do for plaintiff. The complaint finally alleged that, because of defendant's fraudulent misrepresentations, plaintiffs believed they were receiving competent legal advice.

Defendant moved for summary and accelerated judgment on March 19, 1984, with the accelerated judgment motion premised on a claim of collateral estoppel, GCR 1963, 116.1(5), now MCR 2.116(C)(7), and the summary judgment motion premised on the ground that plaintiffs had failed to state a cause of action because plaintiffs' injuries were proximately caused not by defendant's negligent representation of plaintiff in the criminal proceedings, but rather were proximately caused by plaintiff's guilt, GCR 1963, 117.2(1), now MCR 2.116(C)(8).

The circuit court denied both of defendant's motions. In ruling on the collateral estoppel issue, the circuit court concluded that reversal of a criminal conviction due to ineffective assistance of counsel was not an absolute prerequisite to a party's ability to bring a civil malpractice suit. The court also denied defendant's motion for summary judgment, since plaintiffs Ruby and Leo Schlumm had alleged acute mental anguish and

emotional trauma as a result of defendant's breach of their contract and his handling of the case. The court also found that plaintiff had sufficiently alleged failures on the part of his attorney with respect to his representation. The court noted that plaintiff had alleged damages arising from the long incarceration mandated by his sentence.

Meanwhile, codefendant LaFear brought a similar professional malpractice suit against his attorney, and that attorney responded with similar motions for accelerated judgment and summary judgment. The court granted partial summary judgment on the ground that LaFear had failed to allege his innocence. The court also said that it gave the wrong relief in the Schlumm case, and ruled that defendant O'Hagan was entitled to partial summary judgment on the issue of Steven Schlumm's guilt or innocence.

On September 14, 1984, the circuit court granted a motion by plaintiffs to amend their complaint to allege innocence. The court also reaffirmed denial of defendant's motion for accelerated judgment based on collateral estoppel, and denied summary judgment to defendant because the amended complaint alleged innocence. The court found ample precedent in Michigan for the proposition that one need not have his conviction reversed before filing a civil suit. The court ruled that, if plaintiff alleged his innocence, he may prove it even though his conviction was affirmed.

But the court also ruled that plaintiff had to prove his innocence before he could claim damages for his attorney's failure to gain an acquittal. The court believed that, in the context of a guilty plea, a plaintiff should be required to do so, although it acknowledged that there was no precedent in Michigan on this issue. While the court noted that there were several authorities which indicated

that proof of innocence is not a requirement of a claim for attorney malpractice in the conduct of a criminal defense, the court nevertheless concluded that plaintiff would have to prove his innocence in light of the fact that he had pled guilty.

On September 24, 1984, plaintiffs filed a second amended complaint alleging that plaintiff Steven Schlumm was innocent of the crime to which he pled guilty.

On October 19, 1984, the court issued a supplemental opinion in order to amplify its reasoning in reaching its September 14 conclusion. The court concluded that a defendant who pleads guilty in open court should not be permitted to sue his attorney for malpractice on the basis that the plaintiff might not have been convicted had his attorney advised him differently. The court went on to rule that its holding did not foreclose plaintiff from claiming malpractice at the sentencing phase of the proceedings.

On appeal, defendant argues that the trial court erred in not finding plaintiff collaterally estopped and that plaintiff failed to state a cause of action. Plaintiffs have filed a cross-appeal on the issue of whether a defendant in a previous criminal action should be required to plead innocent to recover damages for his attorney's negligence.

Collateral estoppel bars the relitigation of issues previously decided where such issues are raised in a subsequent action by the same parties based upon a different cause of action. *People v Watt,* 115 Mich App 172, 175; 320 NW2d 333 (1982). Essentially, in order for collateral estoppel to apply, the same ultimate issues of the first action must be involved in the second action. The parties must also have had a full opportunity to litigate the ultimate issues in the first action. *Stolaruk*

*Corp v Dep't of Transportation,* 114 Mich App 357, 362; 319 NW2d 581 (1982).

We have little difficulty in concluding that plaintiffs' claim of malpractice rests upon the very same issues previously decided in plaintiff's ineffective assistance of counsel claim. Therefore, we find that the "identity of issues" requirement for collateral estoppel has been met. *Local 98 v Flamegas Detroit Corp,* 52 Mich App 297, 302; 217 NW2d 131 (1974).

As to the "identity of parties" requirement, this Court has held that substantial identity, rather than precise identity, is sufficient for application of collateral estoppel. *Wilcox v Sealey,* 132 Mich App 38, 47; 346 NW2d 889 (1984). The *Wilcox* Court held that collateral estoppel may apply where the parties are not identical as long as the issues are identical.

Closely intertwined with the identity of parties requirement is the rule that if collateral estoppel is to apply, then mutuality of estoppel must exist. *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). Mutuality exists if a person attempting to take advantage of the earlier judgment would have been barred by it if it had gone against him. *Howell, supra,* p 43. The Court recognized that defensive use of collateral estoppel might be permissible if the defendant fit into one of "the well recognized exceptions to the mutuality rule." *Howell, supra,* pp 46-47, n 7. Defendant attorney in this case was not a party in the previous criminal action, and none of the exceptions applies to him.

Recently, however, this Court has held that when a full and fair determination has been made in the previous criminal action that the client received effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice

action brought by the same client may defensively assert collateral estoppel as a bar. *Knoblauch v Kenyon*, 163 Mich App 712, 725; 415 NW2d 286 (1987). We find *Knoblauch* to be controlling.

There, plaintiff had appealed his conviction of criminal sexual conduct to this Court, claiming ineffective assistance of counsel. We concluded that plaintiff was not denied effective assistance of counsel. The plaintiff then filed a legal malpractice action alleging essentially the same facts and issues that had been raised in his appeal for ineffective assistance of counsel. The defendant attorney pled collateral estoppel as an affirmative defense to the malpractice action and moved for summary disposition. The trial court granted the motion and we affirmed.

Accordingly, we hold that with respect to plaintiff Steven Schlumm's allegations of malpractice through the plea-taking stage, the trial court erred in denying defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7). The judicial system made a full and fair determination that plaintiff received effective assistance of counsel through the plea-taking stage. Plaintiff had the opportunity to fully present his case at his motion for new trial. After having been fully briefed by the parties, we found that plaintiff was not denied effective assistance of counsel. Our Supreme Court refused to grant leave to appeal. Plaintiff has had his day in court and is now collaterally estopped from again raising the same issue.

With respect to defendant's alleged malpractice during the postplea, presentencing phase of the criminal proceedings, the trial court did not err in denying accelerated judgment on the ground of collateral estoppel. The doctrine of collateral estoppel applies only to issues actually litigated in the

prior litigation. *People v Watt, supra.* The doctrine of collateral estoppel does not apply to questions which might have been (but were not) litigated in the original action. *Howell v Vito's Trucking & Excavating Co, supra.* In the present case, the issue of defendant's representation of plaintiff throughout the postplea, presentencing phase of plaintiff's criminal proceedings has never been addressed. Therefore, the prior decisions were not conclusive as to the issue whether defendant committed legal malpractice during the postplea, presentencing phase of the plaintiff's criminal proceedings.

Finally, several of plaintiffs' allegations lack an "identity of issue" with the prior criminal proceedings. With respect to plaintiffs' claims for breach of contract, breach of fiduciary duty, and fraudulent misrepresentation there is no identity of issue with the conclusion reached regarding the effectiveness of defendant's representation. Since collateral estoppel cannot be applied where there is no identity of issues, with respect to these claims the trial court did not err in denying accelerated judgment.

Furthermore, we find that the trial court did not err in denying accelerated judgment on the grounds of collateral estoppel with respect to the claims of plaintiffs Ruby and Leo Schlumm. The defensive use of collateral estoppel in a legal malpractice action can be made only against someone who was a party to the prior criminal proceedings. *Knoblauch v Kenyon, supra.* In the present case, plaintiffs Ruby and Leo Schlumm were not even substantially identical parties in the prior criminal proceedings. Therefore, accelerated judgment with respect to their claims on the grounds of collateral estoppel would be improper. The issue whether defendant committed legal malpractice with re-

spect to plaintiffs Ruby and Leo Schlumm was never addressed in any prior criminal proceeding, for obvious reasons. Therefore, plaintiffs Ruby and Leo Schlumm should not be collaterally estopped from bringing a legal malpractice action against defendant.

Defendant's second contention is that the trial court erred in denying summary judgment for plaintiffs' failure to state a claim upon which relief can be granted under GCR 1963, 117.2(1), now MCR 2.116(C)(8). Such a motion is based on the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported. *Rodis v Herman Kiefer Hospital,* 142 Mich App 425; 370 NW2d 18 (1985).

In the instant case, plaintiffs alleged that defendant was negligent in his trial preparation and in advising plaintiff to plead guilty. The complaint alleged that, as a proximate cause of defendant's negligence, plaintiff Steven Schlumm sustained injuries including his incarceration and further injuries flowing from his incarceration. The complaint also alleged that as a result of defendant's negligence plaintiffs Ruby and Leo Schlumm sustained injuries as a result of their son's incarceration.

Further, the complaint alleged a breach of contract by defendant in failing to adequately prepare for trial, and failing to offer professional advice and counsel to plaintiff about the consequences of a guilty plea and the possibility of withdrawing such a plea, and in requiring plaintiffs to make a payment in excess of the previously agreed maximum amount plaintiffs were to be charged. The complaint alleged that as a result of defendant's breach of contract, plaintiffs Ruby and Leo Schlumm suffered mental, physical, and emotional anguish and trauma because their son did not

receive competent legal representation. The complaint also alleged that as a result of defendant's breach of contract, plaintiff Steven Schlumm suffered extreme mental and emotional anguish and trauma because he did not receive proper legal representation. Finally, the complaint alleged fraud and misrepresentation on the part of the defendant in his representation of plaintiff.

A plaintiff in a legal malpractice action has the burden of proving: (1) the existence of the attorney-client relationship; (2) the acts which were alleged to have constituted negligence; (3) that the negligence was the proximate cause of the injury; and (4) the fact and the extent of the injury alleged. *Ignotov v Reiter,* 130 Mich App 409; 343 NW2d 574 (1983), lv gtd 419 Mich 934 (1984).

A plaintiff in a legal malpractice action need not show that he would have prevailed completely in the former action in order to recover where the allegation is that the verdict against him was greater than what would have been returned in the absence of the defendant's negligence. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 694; 310 NW2d 26 (1981), lv den 413 Mich 913 (1982). In the *Basic Food Industries* case, this Court noted that the most difficult aspects for a plaintiff in a malpractice case are proximate cause and damages. We said that these two elements are often troublesome for plaintiffs because they require plaintiffs to prove not only that their attorneys were negligent, but also that plaintiffs would otherwise have been successful in the original litigation. This Court recognized that this "suit within a suit" concept had vitality, but only in a limited number of situations, such as where an attorney's negligence prevented his client from bringing a cause of action, or where the attorney's failure to appear caused a judgment to be entered

against his client or where the negligence of the attorneys prevented an appeal from being perfected. *Basic Foods Industries, supra,* p 693.

Since a plaintiff in a legal malpractice action is not required to show that he would have prevailed completely, the trial court here erred in ruling that plaintiff must plead and prove his innocence. Indeed, for policy reasons plaintiff is judicially estopped from now pleading and proving innocence since he has already voluntarily pled guilty to the crime. *People v Serr,* 73 Mich App 19; 250 NW2d 535 (1976).

Since plaintiff is estopped from pleading and proving his innocence, we turn to the pleadings to determine if plaintiff has stated a cause of action upon which relief can be granted. We find no applicable case on point in Michigan and turn to our sister jurisdictions for persuasion.

In *Mylar v Wilkinson,* 435 So 2d 1237 (Ala, 1983), the Alabama Supreme Court ruled that a legal malpractice action brought by a plaintiff against his former criminal defense attorney was properly dismissed for failure to state a claim where plaintiff's claim was devoid of any averment that, apart from the attorney's negligence, plaintiff would have obtained a more favorable result. The court noted that plaintiff had not established through his pleadings that he could have received a better result had the defendant acted differently.

In *Weiner v Mitchell, Silberberg & Knupp,* 114 Cal App 3d 39; 170 Cal Rptr 533 (1981), the California Court of Appeals held that a legal malpractice action against plaintiff's criminal defense attorneys was precluded due to a lack of proximate cause. The court held that plaintiff's guilt had to be accepted as the proximate cause of his indictment.

We conclude that the proximate cause of plain-

tiff Steven Schlumm's injuries in the present case was his plea of guilty to the charge of criminal sexual conduct. Plaintiff has not established through his pleadings that he could have received a better result or a lesser prison sentence had defendant acted differently. Stated differently, plaintiff has not pled that, but for his attorney's negligence, he would have received a lighter sentence. *Basic Foods Industries v Grant, supra.* Therefore, with respect to plaintiff Steven Schlumm's malpractice action against defendant, summary judgment should have been granted in favor of defendant on the ground that plaintiff failed to state a claim upon which relief can be granted. GCR 1963, 117.2(1), now MCR 2.116(C)(8). The injuries alleged arose from plaintiff's incarceration for his guilty plea, not defendant's negligence.

With respect to plaintiffs Ruby and Leo Schlumm, any claim they raise as a result of their son's incarceration should have been summarily disposed of in favor of defendant, since it was plaintiff Steven Schlumm's plea of guilty, and not defendant's negligence, that was the proximate cause of their injuries. Therefore, the negligence claims of Ruby and Leo Schlumm should have also been summarily disposed of in favor of defendant.

However, the trial court did not err in denying summary judgment on the breach of contract and fraudulent misrepresentation claims, since they allege injuries other than Steven Schlumm's incarceration.

Accordingly, we reverse the trial court's decision on Count I since plaintiff was collaterally estopped from alleging negligent representation through the plea-taking stage. This issue was previously decided in plaintiff's criminal appeal, which raised ineffective assistance of counsel as an issue. As to

the claim of negligence in the postplea, presentencing phase, the defendant's motion for summary judgment should have been granted because plaintiff failed to state a cause of action upon which relief can be granted. The proximate cause of the injuries alleged was the defendant's voluntary plea of guilty and not defendant's negligence. The trial court's decision on Count II of plaintiffs' complaint is similarly reversed since plaintiffs failed to state a cause of action upon which relief can be granted. The alleged injuries arose from plaintiff's incarceration due to his plea of guilty and not from defendant's negligence. However, we affirm the trial court's denial of summary disposition on Counts III and IV of plaintiffs' complaint. The trial court's ruling that plaintiff must plead and prove his complete innocence is also reversed.

Affirmed in part and reversed in part.

HOLBROOK, JR., J., concurs in the result only.