KOWATCH v KOWATCH

Docket No. 100309. Submitted December 6, 1988, at Detroit. Decided
August 8, 1989.

Plaintiff, Patricia G. Kowatch, and defendant, Michael R. Kow-
atch, were divorced by order of the Ingham Circuit Court,
James T. Kallman, J. During a pretrial conference, defendant's
attorney disclosed defendant's intention to file for bankruptcy
soon after the entry of the divorce judgment. The focus then
turned to whether plaintiff was entitled to alimony, since any
property settlement would be subject to discharge in bank-
ruptcy. The court found that plaintiff was entitled to alimony
of $300 per month for eighty months. The alimony obligation
would cease upon plaintiff's death or remarriage. The alimony
provision also stated plaintiff's agreement to waive her right to
seek modification of alimony and contained language purport-
ing to deprive the court of further jurisdiction with respect to
the alimony award, save for enforcement purposes. Defendant
subsequently filed for bankruptcy under Chapter VII of the
Bankruptcy Code. Plaintiff filed a claim in bankruptcy court for
the amount of alimony due both prior to and following the
filing of defendant's petition for bankruptcy, seeking a declara-
tion that the amounts awarded were nondischargeable. Defen-
dant objected to the claim. Following a hearing, the bankruptcy
court granted plaintiff's motion for judgment on the pleadings,
finding that the divorce record indicated an intent that the
award be "in the nature of alimony." Defendant's attempts to
appeal that decision of the bankruptcy court were unsuccessful.
He than returned to Ingham Circuit Court, seeking relief from
the divorce judgment under MCR 2.612, asserting that the
alimony award was essentially a property settlement and there-
fore was discharged by operation of the Bankruptcy Code. The
court noted that the bankruptcy court had not discharged
defendant's obligations to pay alimony and found him in con-

REFERENCES

Am Jur 2d, Appeal and Error § 774; Bankruptcy §§ 801, 802;
Divorce and Separation § 521; Judgments §§ 394 et seq.

Debts for alimony, maintenance, and support as exceptions to
bankruptcy discharge, under sec. 523(a)(5) of Bankruptcy Code of
1978 (11 USCS sec. 523(a)(5)). 69 ALR Fed 403

tempt of court for failing to pay alimony and fined him $2,000, which it noted also was not discharged in bankruptcy. Defendant appealed.

The Court of Appeals *held:*

1. The bankruptcy court's determination that the divorce judgment provided for alimony, which is not dischargeable in bankruptcy, is the identical issue raised subsequently in circuit court. The bankruptcy court's determination of defendant's obligation to pay alimony under the divorce judgment triggers the doctrine of collateral estoppel. Defendant was collaterally estopped from relitigating this issue in circuit court.

2. Even if collateral estoppel were not applied to prevent relitigation of this issue, the trial court's opinion that it awarded alimony for the wife's support, which is not dischargeable in bankruptcy, is not clearly erroneous. Support obligations are distinguished from property settlements under the Bankruptcy Code; property settlements are discharged, support obligations are not. The alimony award in this case was intended by the court to be a support obligation, the money would have the actual effect of providing support, and the amount is clearly not excessive. The alimony award thus meets the three criteria of being in the nature of a support obligation and therefore nondischargeable.

3. Defendant's assertion that the judgment should be set aside on the basis of plaintiff's misconduct is rejected. Defendant failed to document any acts by plaintiff which can be described as misconduct.

4. Defendant's argument that plaintiff's failure to timely serve the bankruptcy court's order prevented him from appeal is raised in the wrong forum.

5. Defendant has failed to demonstrate that extraordinary circumstances exist which would warrant relief under MCR 2.612(C)(1)(f).

6. Defendant has failed to demonstrate that he is entitled to relief from judgment under MCR 2.612(C)(1)(c), (e), or (f).

Affirmed.

1. APPEAL — RELIEF FROM JUDGMENT.

A trial court's decision on a motion to set aside a judgment should not be disturbed on appeal absent a clear showing of an abuse of discretion.

2. ACTIONS — DEFENSES — COLLATERAL ESTOPPEL.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the

same parties based on a different cause of action; in order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action, and the parties must have had a full opportunity to litigate the ultimate issues in the first action.

3. DIVORCE — SUPPORT OBLIGATIONS — BANKRUPTCY.

Support obligations arising from a divorce judgment are distinguished from property settlements under Chapter VII of the Bankruptcy Act; property settlements are dischargeable, support obligations are not (11 USC 523[a][5][B]).

4. DIVORCE — JUDGMENTS — OBLIGATIONS IN THE NATURE OF SUPPORT.

A three-part inquiry may be used to determine whether obligations created by a divorce judgment are in the nature of support: (1) did the court and the parties intend that the obligation provide support; (2) does the meeting of the obligation actually provide support; and (3) does the amount of the award exceed what is reasonable for support.

*Norman M. Gaffney, Jr.,* for plaintiff.

*Ball, VanDam & Ross, P.C.* (by *Richard D. Ball*), for defendant.

Before: DANHOF, C.J., and HOOD and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant appeals as of right from a circuit court order holding him in contempt for failure to pay alimony. At issue is whether § 523(a)(5)(B) of the United States Bankruptcy Code, 11 USC 101 *et seq.*, relieves defendant of his obligation to pay alimony under the divorce judgment. The trial court concluded that defendant was not so relieved. We agree and affirm.

At the time the parties married in October, 1980, the wife owned a $43,000 condominium. During the marriage, the parties mortgaged the

* Circuit judge, sitting on the Court of Appeals by assignment.

condominium to finance the down payment on a home. The parties failed to make the necessary monthly payments. As a result, the parties' interests in both properties were lost through foreclosure proceedings. The wife took the position in the divorce proceedings that she should be compensated for her interest in these properties since it was the husband who had failed to make the monthly payments.

During a pretrial conference, the husband's counsel disclosed the husband's intention to file for bankruptcy soon after the entry of the divorce judgment. The focus then turned to whether the wife was entitled to alimony, since any property settlement would be subject to discharge in bankruptcy. At the trial court's request, the parties filed briefs on the issue.

Thereafter, the court issued an opinion and order finding that the wife was entitled to alimony of $300 per month for eighty months. The final divorce judgment incorporated the result of this opinion, granted the wife the amount stated, and added that the alimony obligation would cease upon her death or remarriage. Additionally, the alimony provision memorialized the wife's agreement to waive her right to seek modification of alimony and contained language purporting to deprive the court of further jurisdiction with respect to the alimony award, save for enforcement purposes.

Within a month following entry of the divorce judgment, the husband filed his petition under Chapter VII of the Bankruptcy Code. The wife filed a claim in bankruptcy court for the amount of alimony due before and after the filing of the bankruptcy petition, seeking a declaration that the amounts awarded were nondischargeable. The husband objected to the claim. After a hearing, the

bankruptcy judge granted the wife's motion for judgment on the pleadings, finding that the divorce record indicated an intent that the award be "in the nature of alimony."

When the husband's attempts to appeal that decision were unsuccessful, he returned to the circuit court to seek relief from the divorce judgment pursuant to MCR 2.612, again asserting that the alimony award was essentially a property settlement and was therefore discharged by operation of the Bankruptcy Code. The circuit court noted that the bankruptcy court had not discharged the husband's obligations to pay alimony and found him in contempt of court.

The husband appeals, again arguing that the alimony obligation was essentially a disguised property settlement and should be considered discharged pursuant to 11 USC 523(a)(5)(B).

In circuit court, the husband sought relief from judgment pursuant to MCR 2.612(C)(1)(c), (e), and (f):

> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> *    *    *
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>
> (f) Any other reason justifying relief from the operation of the judgment.

A trial court's decision on a motion to set aside a judgment should not be disturbed on appeal absent a clear showing of an abuse of discretion. *Huber v Frankenmuth Mutual Ins Co,* 160 Mich App 568, 576; 408 NW2d 505 (1987).

The husband's arguments hinge on the question of whether the alimony provision in the divorce decree created a liability dischargeable in bankruptcy. The bankruptcy court said "no." Contrary to the husband's claim, our review of the bankruptcy court's decision indicates that it reached a decision on the merits of the issue and did not simply defer to the state court's determination.

While the husband disputes the legal and factual correctness of the bankruptcy court's determination, we are not in a position to review that decision and decline the invitation to do so. We find that the bankruptcy court's determination of the husband's obligation to pay alimony under the divorce judgment triggers the doctrine of collateral estoppel.

> Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based on a different cause of action. In order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action, and the parties must have had a full opportunity to litigate the ultimate issues in the first action. *Knoblauch v Kenyon,* 163 Mich App 712, 716; 415 NW2d 286 (1987). Collateral estoppel conclusively bars only issues "actually litigated" in the first action. A question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined. *Cogan v Cogan,* 149 Mich App 375, 379; 385 NW2d 793 (1986). [*VanDeventer v Michigan Nat'l Bank,* 172 Mich App 456, 463; 432 NW2d 338 (1988).]

Here, the bankruptcy court's determination that the divorce judgment provided for alimony, which was not dischargeable in bankruptcy, is the identical issue raised subsequently in circuit court. The

causes of action, while slightly different, one being a defense to a claim against a bankruptcy estate and the other being a defense in an enforcement proceeding in circuit court, were both between the same parties. Moreover, the much disputed requirement of mutuality of estoppel is clearly present here. See *Knoblauch, supra,* p 720. Had the bankruptcy court determined that the obligation was in reality a property settlement provision, and thus dischargeable in bankruptcy, the wife here would have been estopped from claiming otherwise in the state court enforcement proceedings.

Even if collateral estoppel were not applied to the issue, the trial court's opinion that it awarded alimony for the wife's support, which is not dischargeable, is not clearly erroneous.

11 USC 523(a)(5)(B) provides:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
>        * * *
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that
>
>        * * *
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . . .

By excepting familial support obligations from the general rule of debt forgiveness, this section embodies the policy that the need to enforce such obligations overrides the general federal policy to provide a debtor with a "fresh start." *Shaver v Shaver,* 736 F2d 1314, 1316 (CA 9, 1984). Support

obligations are distinguished from property settlements; where the former is involved, the debt is nondischargeable. *In re Singer,* 787 F2d 1033 (CA 6, 1986). However, as noted by the circuit judge in his opinion determining that the wife was entitled to alimony, merely calling a payment alimony is insufficient to make it "actually in the nature of alimony."

*In re Calhoun,* 715 F2d 1103 (CA 6, 1983), sets forth a three-part test for determining whether obligations created by a divorce judgment are in the nature of support: (1) the intent of the court and the parties; (2) whether the actual effect of the obligation is to support; and (3) whether the amount of the award exceeds what is reasonable for support.

This case meets each of the *Calhoun* requirements. The trial court carefully evaluated the relative economic conditions of the parties and found a disparity in earning power. It saw the wife as having a serious financial need and some health problems. Although the court noted the husband's impending bankruptcy, it also noted that the husband had an ability to earn a good income. The wife's prior ownership of her condominium certainly played a role in the decision. Before marriage, she had clear title to a place in which to live. At the conclusion of the marriage, she no longer had this property and, thus, would need to pay for a home.

The alimony award obligation was intended by the court as a support obligation. Further, the $300 per month for eighty months would have the actual effect of providing support, since it would assist in payment for living quarters. Moreover, the amount is clearly not excessive.

Moreover, we reject the husband's assertion that the judgment should be set aside for the wife's

misconduct. The husband fails to document in any fashion acts by his ex-wife which can be described as misconduct. When it became obvious that the husband's intention to file bankruptcy would or could deprive her of funds from a property settlement, the wife's ability to support herself was compromised. Further, we note that she sought and received temporary alimony from the outset of the divorce case. Alimony was not merely a last minute request to thwart the husband from receiving the benefits of a bankruptcy.

The husband's argument that his ex-wife's failure to timely serve the bankruptcy court's order prevented him from appeal is raised in the wrong forum. However, we note that it was unavailing in the husband's attempt to appeal the bankruptcy court's determination.

The husband has not demonstrated that extraordinary circumstances exist in this case which would warrant relief under MCR 2.612(C)(1)(f).

The husband has failed to persuade us that any of the conditions exist which would support granting a relief from judgment under MCR 2.612(C)(1)(c), (e), or (f). The trial court was well within its discretion in denying the relief sought. The ensuing contempt finding and order was appropriate.

Affirmed. Costs to plaintiff-appellee.