BULLOCK v HUSTER

Docket No. 165366. Submitted November 2, 1994, at Detroit. Decided
    April 3, 1995, at 9:30 A.M. Leave to appeal sought.

Renee Bullock, a minor, by her next friend Ronald L. Bullock,
    brought an action in the Wayne Circuit Court against Bette
    Huster, her guardian ad litem, alleging negligence, gross negli-
    gence, breach of contract and implied warranties, and inten-
    tional infliction of emotional distress in connection with the
    defendant's service as the plaintiff's guardian ad litem in the
    action between the plaintiff's parents involving custody of the
    plaintiff. The court, Sharon Tevis Finch, J., denied summary
    disposition for the defendant, rejecting the defendant's conten-
    tions that she was entitled to governmental immunity from the
    plaintiff's action and that the action is barred by collateral
    estoppel because the plaintiff unsuccessfully moved in the
    custody case for the removal of the defendant as guardian ad
    litem on the same grounds asserted in this case. The defendant
    appealed by leave granted.

    The Court of Appeals held:

    1. Guardians ad litem are not among those persons expressly
    granted immunity under the governmental immunity act, MCL
    691.1407; MSA 3.996(107).

    2. Collateral estoppel does not bar this action in light of the
    fact that the ultimate issue in this case is different from the
    ultimate issue in the child custody case. The issue in this case
    is the defendant's negligence or misconduct as guardian ad
    litem, and the issue in the other case is in whose custody the
    plaintiff's interests are best served.

    Affirmed.

    FITZGERALD, P.J., concurring, stated that the Legislature
    should consider immunity for guardians ad litem so that per-
    sons are not discouraged from serving as guardians by the
    potential of having to defend themselves from actions brought
    ostensibly on behalf of children by parents not awarded cus-
    tody.

REFERENCES
Am Jur 2d, Infants §§ 178-191; Judgments §§ 516, 539-552.
See ALR Index under Collateral Estoppel; Guardian and Ward.

1. GUARDIAN AND WARD — GUARDIANS AD LITEM — GOVERNMENTAL IMMUNITY.

> Guardians ad litem are not entitled to immunity under the governmental immunity act (MCL 691.1407; MSA 3.996[107]).

2. ESTOPPEL — COLLATERAL ESTOPPEL.

> Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding; the ultimate issue in the second action must be the same as that in the first.

*Travis Ballard* and *Demosthenes Lorandos,* for the plaintff.

*Paul H. Stevenson,* for the defendant.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

MICHAEL J. KELLY, J. Defendant Bette Huster appeals by leave granted an order of the circuit court denying her motion for a rehearing of her motion for summary disposition under MCR 2.116(C)(7). The circuit court ruled that defendant was not immune from liability for her actions as guardian ad litem for plaintiff Renee Bullock in an underlying child custody suit between Ronald Bullock, plaintiff's father, and Sharon Pope, her mother. We affirm.

I

Plaintiff Renee Bullock was born in May 1983. In March 1985, Ronald Bullock and Sharon Pope separated, and a bitter child custody battle over plaintiff ensued. Initially, Bullock was given cus-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tody of plaintiff.[1] In April 1988, defendant Bette Huster accepted appointment as guardian ad litem for plaintiff. Pope subsequently alleged that Bullock had sexually abused plaintiff. In December 1988, Pope was awarded custody of plaintiff and began denying Bullock visitation. After being found in contempt of court, Pope fled to Georgia with plaintiff, which led to a conviction of parental kidnapping and a sentence of ninety days' imprisonment and community service. Despite Pope's actions, defendant continued to recommend that Pope retain custody. Apparently, defendant conducted little investigation into the allegations of sexual abuse against Bullock and displayed hostility toward him and those who rendered expert opinions in his favor.

In December 1992, plaintiff filed the instant lawsuit, alleging that defendant acted in a negligent and grossly negligent manner while performing her duties as guardian ad litem, that she breached an express or implied contract with plaintiff and implied warranties incident to that contract, and that she intentionally inflicted emotional distress upon plaintiff. Plaintiff also claimed that defendant failed to conduct sufficient investigation and cited numerous instances when defendant was negligent or intentionally deceitful in her analysis of plaintiff's expert opinions. Bullock was appointed next friend under MCR 2.201(E)(1)(b).

Bullock had moved for the removal of defendant as guardian ad litem in the underlying action. This motion was denied in February 1993 on the basis of insufficient evidence. That same month, defendant moved for summary disposition in the instant action on the basis that she was immune

---

[1] Throughout this opinion, we will use "Bullock" to refer to Ronald Bullock. Renee Bullock will be referred to simply as "plaintiff."

from liability as guardian ad litem and that plaintiff was collaterally estopped from relitigating the issue of defendant's negligence in view of the determinations made in the underlying action. In April 1993, the circuit court denied the motion. Defendant filed a motion for reconsideration and for a stay of proceedings pending appeal. In May 1993, the circuit court denied these motions. In August 1993, this Court granted defendant's application for leave to appeal.

II

Defendant first argues that she is entitled to immunity as guardian ad litem. We disagree.

At issue is the scope of the governmental immunity act of 1986, MCL 691.1407; MSA 3.996(107). Just before the act was proposed, the Supreme Court decided nine consolidated governmental immunity cases, commonly referred to as *Ross v Consumers Power Co,* 420 Mich 567; 363 NW2d 641 (1984). The response of the Legislature was swift and comprehensive. The Legislature took an immunity provision that previously had applied only to governmental agencies (subsection 1 of MCL 691.1407; MSA 3.996[107]) and added several other provisions defining the extent of immunity available to officers, employees, members, and volunteers of government agencies (subsections 2 and 3), public hospitals and medical care facilities (subsection 4), and judges, legislators, and the elective or highest appointive executive officials of all levels of government (subsection 5). See House Legislative Analysis, HB 5163, January 16, 1986. This was all accomplished in conjunction with the extensive tort reform act of 1986, 1986 PA 175. While the Legislature left intact a provision in subsection 1 that affirmed common-law rules regarding the immunity of government agencies as

the rules existed before July 1, 1965 (the effective
date of the original governmental immunity act),
the Legislature did 'not provide for the preserva-
tion of any common-law rules with respect to the
government officials covered in the other subsec-
tions of the 1986 act.

Clearly, the 1986 act represents a comprehen-
sive review of governmental immunity. Yet, the
Legislature failed to include guardians ad litem
within the class of persons entitled to immunity.
Where the Legislature undertakes such broad re-
form, the expression of one thing in the resulting
statute may be deemed the exclusion of another.
See *Jennings v Southwood,* 446 Mich 125, 142; 521
NW2d 230 (1994). While subsection 5 grants immu-
nity to "judges," there is no indication that this
term should be construed beyond its plain mean-
ing to include persons appointed by judges in any
capacity. The Legislature drafted subsection 5 to
apply only to those persons who are the ultimate
decision makers in their respective branches of
government—for example, "legislators" and "elec-
tive or highest appointive executive officials." Sub-
sections 2 and 3, regarding employees of govern-
ment agencies, are inapplicable to guardians ad
litem. No other provisions in the act apply to
guardians ad litem. Under these circumstances, we
hold that the intent of the Legislature was to
exclude guardians ad litem from the scope of
governmental immunity. The wisdom of this exclu-
sion is not a matter for our review. *Id.,* citing *City
of Lansing v Lansing Twp,* 356 Mich 641, 648; 97
NW2d 804 (1959). The circuit court's denial of
defendant's motion for summary disposition on
immunity grounds was proper.

III

Defendant also asserts that plaintiff is collater-

ally estopped from relitigating the propriety of the circuit court orders in the underlying child custody case.

Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding. *Schlumm v Terrence P O'Hagan, PC,* 173 Mich App 345, 354; 433 NW2d 839 (1988). The ultimate issue in the second action must be the same as that in the first. *Detroit v Qualls,* 434 Mich 340, 357; 454 NW2d 374 (1990). The issue must have been necessarily determined —that is, essential to the resulting judgment—in the first action. *Id.* It also must have been actually litigated—that is, put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact. *VanDeventer v Michigan Nat'l Bank,* 172 Mich App 456, 463; 432 NW2d 338 (1988). The parties must have had a full and fair opportunity to litigate the issue in the first action. *Kowatch v Kowatch,* 179 Mich App 163, 168; 445 NW2d 808 (1989).

The ultimate issue in the custody action was whether plaintiff's best interests would be served under Bullock's care or by remaining with Pope. The ultimate issue in this case is defendant's negligence or misconduct as guardian ad litem. The issue of defendant's negligence was not essential to the custody decision. The circuit court's denial of defendant's motion for summary disposition on collateral estoppel grounds was proper.

Affirmed.

E. R. Post, J., concurred.

Fitzgerald, P.J. *(concurring).* I concur with the

majority's conclusion that the intent of the Legislature was to exclude guardians ad litem from the scope of governmental immunity. I write separately, however, to express my concern that disgruntled parents who are dissatisfied with a custody decision may retaliate by suing the guardian ad litem, ostensibly on behalf of the child. I am concerned that guardians ad litem, whose services are consistently used in cases involving the termination of parental rights and child neglect and used with increasing frequency in custody cases to protect the interests of children, may be reluctant to serve as guardians ad litem if they are forced to defend their actions because of the anger of a parent who is not awarded custody. Hence, I would invite the Legislature to revisit the decision to exclude guardians ad litem from the scope of governmental immunity.