BULLOCK v HUSTER (ON REMAND)

Docket No. 194843. Submitted May 16, 1996, at Lansing. Decided August 23, 1996, at 9:20 A.M.

Renee Bullock, a minor, by her next friend Ronald L. Bullock, brought an action in the Wayne Circuit Court against Bette Huster, her guardian ad litem, alleging negligence, gross negligence, breach of contract and implied warranties, and intentional infliction of emotional distress in connection with the defendant's service as the plaintiff's guardian ad litem in the action between the plaintiff's parents involving custody of the plaintiff. The court, Sharon Tevis Finch, J., denied summary disposition for the defendant, rejecting the defendant's contentions that she was entitled to governmental immunity from the plaintiff's action and that the action is barred by collateral estoppel because the plaintiff unsuccessfully moved in the custody case for the removal of the defendant as guardian ad litem on the same grounds asserted in this case. On appeal by leave granted to the defendant, the Court of Appeals, FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST, JJ., affirmed, holding that guardians ad litem are not among those persons expressly granted immunity under the governmental immunity act, MCL 691.1407; MSA 3.996(107), and that collateral estoppel does not bar the plaintiff's action because the ultimate issue in the action is different from the ultimate issue in the child custody case. 209 Mich App 551 (1995). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of the amendment made by 1996 PA 143 to MCL 691.1407; MSA 3.996(107).

On remand, the Court of Appeals *held*:

1. 1996 PA 143 added to MCL 691.1407; MSA 3.996(107) a provision stating that a guardian ad litem is immune from civil liability for injuries to persons or damages to property whenever the guardian ad litem is acting within the scope of authority as guardian ad litem and that the provision applies to actions filed before, on, or after the May 1, 1996, effective date of 1996 PA 143. The amendment applies to the plaintiff's claims of negligence and gross negligence because the plaintiff alleged that the acts of negligence and gross negligence were committed while the defendant was performing her duties as guardian ad litem.

2. The case must be remanded for a determination whether the claim of breach of contract and implied warranties and the claim of intentional infliction of emotional distress relate to acts committed in the scope of the defendant's authority as guardian ad litem and whether the defendant may be held liable for those acts.

3. The trial court did not err in denying summary disposition on collateral estoppel grounds. The ultimate issue in this case, the defendant's negligence or misconduct as guardian ad litem, was not essential to the custody decision.

Affirmed in part, reversed in part, and remanded.

GUARDIAN AND WARD — GUARDIANS AD LITEM — GOVERNMENTAL IMMUNITY.

A guardian ad litem is immune from civil liability for injuries to persons or damages to property whenever the guardian ad litem is acting within the scope of authority as guardian ad litem (MCL 691.1407[6]; MSA 3.996[107][6]).

*Demosthenes Lorandos*, for the plaintiff.

*Allen Schaerges*, for the defendant.

ON REMAND

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and NEFF, JJ.

MICHAEL J. KELLY, J. We review this case on remand from the Supreme Court. A panel of this Court previously affirmed[1] the trial court's determination that defendant was not immune from liability for her actions as guardian ad litem for plaintiff Renee Bullock in an underlying child custody suit between Ronald Bullock, plaintiff's father, and Sharon Pope, her mother.[2] *Bullock v Huster*, 209 Mich App 551, 554-555;

---

[1] Judge FITZGERALD concurred, stating that the Legislature should consider immunity for guardians ad litem so that persons are not discouraged from serving as guardians by the potential of having to defend themselves from actions brought ostensibly on behalf of children by parents who are not awarded custody.

[2] Ronald L. Bullock will be referred to as "Bullock" herein and Renee Bullock will be referred to as "plaintiff."

532 NW2d 202 (1995). The Supreme Court, in lieu of granting leave to appeal, vacated our judgment and remanded this case for reconsideration in light of the amendment of MCL 691.1407; MSA 3.996(107) effectuated by 1996 PA 143. *Bullock v Huster,* 451 Mich 884 (1996). We hold that in light of the amendment of MCL 691.1407; MSA 3.996(107), summary disposition must be granted to defendant for any damages claimed when she was acting within the scope of her authority as guardian ad litem. We therefore reverse in part the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(7) and remand for further proceedings consistent with this opinion.

The facts involved in this case, as set forth in our prior opinion in this matter, are as follows:

> Plaintiff Renee Bullock was born in May 1983. In March 1985, Ronald Bullock and Sharon Pope separated, and a bitter child custody battle over plaintiff ensued. Initially, Bullock was given custody of plaintiff. In April 1988, defendant Bette Huster accepted appointment as guardian ad litem for plaintiff. Pope subsequently alleged that Bullock had sexually abused plaintiff. In December 1988, Pope was awarded custody of plaintiff and began denying Bullock visitation. After being found in contempt of court, Pope fled to Georgia with plaintiff, which led to a conviction of parental kidnapping and a sentence of ninety days' imprisonment and community service. Despite Pope's actions, defendant continued to recommend that Pope retain custody. Apparently, defendant conducted little investigation into the allegations of sexual abuse against Bullock and displayed hostility toward him and those who rendered expert opinions in his favor.
>
> In December 1992, plaintiff filed the instant lawsuit alleging that defendant acted in a negligent and grossly negligent manner while performing her duties as guardian ad litem, that she breached an express or implied contract with

plaintiff and implied warranties incident to that contract, and that she intentionally inflicted emotional distress upon plaintiff. Plaintiff also claimed that defendant failed to conduct sufficient investigation and cited numerous instances when defendant was negligent or intentionally deceitful in her analysis of plaintiff's expert opinions. Bullock was appointed next friend under MCR 2.201(E)(1)(b).

Bullock had moved for the removal of defendant as guardian ad litem in the underlying action. This motion was denied in February 1993 on the basis of insufficient evidence. That same month, defendant moved for summary disposition in the instant action on the basis that she was immune from liability as guardian ad litem and that plaintiff was collaterally estopped from relitigating the issue of defendant's negligence in view of the determinations made in the underlying action. In April 1993, the circuit court denied the motion. Defendant filed a motion for reconsideration and for stay of proceedings pending appeal. In May 1993, the circuit court denied these motions. In August 1993, this Court granted defendant's application for leave to appeal. [*Bullock, supra,* 209 Mich App 552-554.]

The first issue presented was whether defendant was entitled to immunity as a guardian ad litem. We held that because the Legislature had failed to include specifically guardians ad litem within the class of persons entitled to immunity under the governmental immunity act of 1986, MCL 691.1407; MSA 3.996(107), the Legislature intended to exclude guardians ad litem from the scope of governmental immunity and, therefore, the circuit court's denial of defendant's motion for summary disposition on immunity grounds was proper. *Bullock, supra,* 209 Mich App 555.

Since the release of this Court's earlier opinion in *Bullock,* the Legislature, by enacting 1996 PA 143, has amended MCL 691.1407; MSA 3.996(107) to include the following provision:

(6) A guardian ad litem is immune from civil liability for injuries to persons or damages to property whenever he or she is acting within the scope of his or her authority as guardian ad litem. This subsection applies to actions filed before, on, or after the effective date of the amendatory act that added this subsection.[3]

Plaintiff alleged that defendant acted in a negligent and grossly negligent manner while performing her duties as guardian ad litem, that she breached an express or implied contract with plaintiff and implied warranties incident to that contract, and that she intentionally inflicted emotional distress upon plaintiff. However, under the clear language of the amended statute, a guardian ad litem is immune from civil liability for injuries to persons or damages to property whenever the guardian is acting within the scope of authority as guardian ad litem. MCL 691.1407(6); MSA 3.996(107)(6). Further, because the Legislature provided that the amendment is to have retroactive effect, it applies to this case. *Id.* Accordingly, we hold that under the amendment of the statute effectuated by 1996 PA 143, defendant is immune from liability for any injuries to plaintiff caused when defendant was acting within the scope of her authority as a guardian ad litem for plaintiff in the underlying child custody suit between Ronald Bullock and Sharon Pope. Therefore, with regard to plaintiff's claims that defendant acted in a negligent and grossly negligent manner while performing her duties as guardian ad litem, defendant is immune from liability for those acts, and summary disposition must be entered with regard to those claims under MCR

---

[3] The effective date of the amendment was May 1, 1996. 1996 PA 143.

2.116(C)(7). However, because plaintiff also raises claims of breach of express and implied contract and intentional misconduct, we remand this matter to the trial court for a determination whether the complained-of acts were committed when defendant was acting within the scope of her authority as guardian ad litem and whether defendant may be held liable for those acts.

With respect to defendant's claim that plaintiff is collaterally estopped from relitigating the propriety of the orders of the circuit court in the underlying custody case, we reiterate that because the ultimate issue in this case, defendant's negligence or misconduct as guardian ad litem, was not essential to the custody decision, the trial court's denial of defendant's motion for summary disposition on collateral estoppel grounds was proper. *Detroit v Qualls*, 434 Mich 340, 357; 454 NW2d 374 (1990).

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.